UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JAMES E. THOMPSON, SR., | ) | Civ. 08-5044-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING CASE |
| | ) | |
| RON MERWIN, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a prisoner at the Meade County Jail, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, together with an application to proceed without prepayment of fees and affidavit in support of that application.

From a reading of the petition, the court finds that "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," warranting summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254(b) provides that a petition under that section "shall not be granted" unless the applicant has exhausted all state court remedies, or unless there is either an absence of a state corrective process or "circumstances which render such process ineffective to protect the rights of the applicant."  Further, § 2254(c) provides that there is no exhaustion of state remedies if an applicant "has the right under the law of the State to raise, by any available procedure, the question presented."  This exhaustion of state remedies requires state prisoners to "give the state court one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process." Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999)).

In his petition, petitioner states that he did not file a direct appeal of his conviction. Docket 1, page 2. Instead, he filed a petition for writ of habeas corpus with the Fourth Judicial Circuit Court of South Dakota and with the South Dakota Supreme Court on or around April 18, 2008. Id. It appears to the Court that petitioner's petition is still being considered by the Fourth Judicial Circuit Court, as it was filed less than a month ago, and petitioner does not allege that the petition was dismissed on the merits. Additionally, petitioner states that the South Dakota Supreme Court has returned his petition for writ of habeas corpus for failure to comply with procedural requirements. Docket 1-2, page 18-19. Such a dismissal on procedural grounds is not a decision reaching the merits of the constitutional issues which would be sufficient to demonstrate exhaustion of state remedies. See Greer v. Minnesota, 493 F.3d 952, 957 (8th Cir. 2007) (holding that exhaustion did not occur when the state court did not adjudicate petitioner's constitutional claim and denied the petition based on state procedural law). See also Dixon, 263 F.3d at 777. Thus, from the face of his petition, it is clear that South Dakota courts have not had one full opportunity to review petitioner's constitutional claims now before this Court.

Petitioner states in his federal petition, which was filed on April 29, 2008, that the South Dakota Supreme Court has "refused twice to accept jurisdiction,

from Petitioner's assertion further attempts to exhaust available state remedies are equally futile." Docket 1, page 3. While the statute provides that exhaustion is not required when there is no state corrective process or the state process is ineffective, the court does not believe that such futility is present here. See 28 U.S.C. 2254(b)(1)(B); <u>Schlup v. Armontrout</u>, 941 F.2d 631, 637 (8th Cir. 1991) (excusing failure to exhaust when "return to state court would be futile"). The mere fact that the circuit court has not responded to his motion a few shorts weeks after its filing does not render petitioner's habeas remedy "futile." <u>See</u> <u>Shabazz v. Norris</u>, 76 F.3d 382, 1996 WL 32851, *1 (8th Cir. January 30, 1996) (unpublished). Indeed, the court does not believe that the Fourth Judicial Circuit Court has had adequate time to review the petition, given that the government has fifteen days to respond, and any hearing would be set not more than thirty days after the government's return of the writ. SDCL 21-27-9.3, 21-27-12. Similarly, the South Dakota Supreme Court's dismissal of petitioner's habeas petition on procedural grounds does not render such review "futile," because petitioner may refile his petition with the South Dakota Supreme Court or may seek review of the Fourth Circuit Judicial Court's ultimate decision on the petition. <u>See</u> SDCL 15-26A-3, 21-27-18.1. "If a federal court is unsure whether a claim would be rejected by the state courts, [rendering their review futile,] the habeas proceeding should be dismissed without prejudice or stayed while the claim is fairly presented to them." <u>Sloan v. Delo</u>, 54 F.3d 1371, 1381 (8th Cir. 1995). Here, the court dismisses this petition without prejudice, as it believes

that the state courts are at this time fairly considering petitioner's state habeas petition.

Because the court finds from the face of petitioner's § 2254 habeas petition that he has failed to exhaust state remedies in accordance with § 2254(b), it is hereby

ORDERED that petitioner's petition for writ of habeas corpus is DISMISSED without prejudice.

Dated May 15, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE